UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-7062-CIV-DIMITROULEAS/ROSENBAUM

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

v.

INTERNATIONAL CAPITAL MANAGEMENT, INC.,

       Defendant,

WORLDCORP TRADERS & CO., INC.,

       Relief Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the Receiver's Tenth Application For Authorization To Pay Attorneys' Fees and Costs From Receivership Funds, and Motion for Discharge. [D.E. 213]. The Tenth Application is before the undersigned for consideration upon an Order of Reference [D.E. 214] entered by the Honorable William P. Dimitrouleas pursuant to 28 U.S.C. § 636. The Court has reviewed the Tenth Application, the Court file, and is otherwise advised in the premises.[1] Upon full consideration, the undersigned recommends that the Receiver's Tenth Application [D.E. 213] be granted in its entirety.

### *BACKGROUND*

On October 22, 2007, John M. Hogan, as Court-Appointed Receiver of International Management, Inc., WorldCorp Traders & Co., Inc., and WorldCorp FX & Co., Inc., filed a Tenth

---

[1] No hearing was necessary as no opposition to the motion was filed.

Application For Authorization To Pay Attorneys' Fees and Costs From Receivership Funds, and Motion for Discharge (the "Tenth Application"). The Tenth Application requests that the Court enter an Order granting the Receiver the authority to pay forthwith from the Receivership Estate fees totaling $135,010.00 and costs of $48,392.74 to Holland & Knight, LLP. The Tenth Application also seeks for the Court to enter an order discharging John M. Hogan as Receiver. The Court previously noted that no response or other opposition to the Tenth Application had been filed. As such, the Court issued an Order to Show Cause directing that any objections to the Receiver's Tenth Application must be received by the Court by December 10, 2007. The Order to Show Cause directed Holland & Knight, LLP, as counsel for the Receiver, to serve a copy of the Order on all counsel of record. The Order to Show Cause also warned that failure to file timely objections to the Tenth Application could constitute grounds for the Court to enter an Order that grants the Receiver's Tenth Application. No objections were filed in this matter. The Tenth Application is now ripe for disposition.

## *ANALYSIS*

### A.   *Motion for Attorneys' Fees and Expenses*

#### 1.   Attorneys' Fees

It is undisputed that the Court has the power to award a receiver fees and costs for his services. *See Securities & Exchange Commission v. Elliott*, 953 F.2d 1560 (11th Cir. 1992) (court may award receiver fees from property securing a claim if the receiver's acts have benefitted that property). However, the determination of fees to be awarded is within the sound discretion of the

Court.[2]  This Circuit has adopted the lodestar method to determine a reasonable attorneys' fee. *Norman v. The Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).  In computing the lodestar, the Court must first determine the reasonable hourly rate.  A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299).  The court is deemed an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).  It should also be noted that, although the Eleventh Circuit set forth the lodestar approach in *Norman*, it reiterated that at least some of the factors articulated in the older *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)[3] still have some utility in establishing the hourly rate.[4]  *Norman*, 836 F.2d at 1299.

---

[2]  The Court also specifically anticipated an award of fees in its Order of Permanent Injunction, Receivership and Other Relief when it announced that the Receiver was "entitled to reasonable compensation from the assets now held by or in the possession and control of . . . [the defendant]. . . subject to approval of the Court."  *See* D.E. 9 at p. 8.

[3]  The *Johnson* case was followed for many years by the Eleventh Circuit in setting a reasonable attorney's fee.  However, the Supreme Court moved away from using the *Johnson* factors in determining fees and adopted the more objective and predictable lodestar formula.  *See Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546 (1986).

[4]  The twelve *Johnson* factors that may be considered when setting a fee include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the issues;
> (3) the skill required to perform the legal services properly;
> (4) the preclusion of other employment;
> (5) the customary fee;

Once the hourly rate is set, the Court must determine the reasonable number of hours expended in the litigation. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation. *See ACLU of Georgia*, 168 F.3d at 428. So that the Court may accurately determine the amount of fees to be awarded, the fee applicant must provide the Court with specific and detailed evidence. *Id.* If the party moving for the fees fails to exercise required billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." *Id*.

Here, the Receiver requests attorneys' fees for services rendered by Holland and Knight, LLP, for the Application Period from October 1, 2006, through October 15, 2007 ("Application Period"). The Receiver seeks to be awarded attorneys' fees at an hourly rate of $250 for the partners and $175 per hour for the associates at Holland and Knight who performed work on the file. Additionally, the Receiver seeks an award of $100 per hour for paralegal work performed. Upon appointment, the Receiver advised the SEC that he would voluntarily reduce and cap all of the hourly rates to the rates

---

(6) whether the fee is fixed or contingent;
(7) the time limitations imposed by the client or circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of professional relationship with the client; and
(12) the awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

4

quoted above. The Receiver avers that the hourly rates charged by counsel providing services to the Receiver, as well as the Receiver's hourly rate, are well below the customary rates of attorneys and paralegals of comparable skill from other law firms located in the Southern District of Florida, the Northern District of Florida, and the District of New Jersey, where the services were performed. *See* D.E. 213 at p.27. There has been no objection to the hourly rates sought, despite ample opportunity to file objections.

As *Norman* made clear, "[t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." 836 F.2d at 1303 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Based on the Court's own experience and knowledge of prevailing market rates for similar services in the South Florida legal community, the Court finds that an hourly rate of $250 for the partners from Holland & Knight who performed work on this file is reasonable and appropriate. Likewise, the Court finds that hourly rates of $175 for associates and $100 for paralegal time are reasonable and appropriate, especially considering that there has been no opposition to the hourly rates sought. Moreover, the rates are not unreasonable in light of the fact that all of the attorneys' rates have already been greatly reduced, as reflected in the Tenth Application.[5] Finally, the rates are appropriate, as these are the hourly rates that have previously been awarded in this matter in relation to prior fee applications by the Receiver. *See e.g.,* D.E. 45.

---

[5] For example, the standard rates for partners who performed work on the file typically start at $340 per hour; standard rates for associates working on the file start at $195 per hour.

The Court must next determine the reasonableness of the hours expended by the Receiver's counsel. The Court has reviewed the details of the work performed as set forth by the Receiver to determine whether the hours expended in this matter were excessive, redundant, or otherwise unnecessary in the exercise of billing judgment. *Perkins v. Mobile Housing Board*, 847 F.2d 735, 738 (11th Cir. 1988). The Tenth Application reflects that the Holland & Knight attorneys, paralegals, and the Receiver expended 787 total hours during the Application Period. This figure reflects time spent regarding two ancillary lawsuits in the United States District Courts for the Southern District of Florida and the Northern District of Georgia against "persons who used the Receivership Entities to defraud investors and persons who received fraudulent transfers." D.E. 213 at p.3.

More specifically, during the Application Period, Holland and Knight represented the Receiver in his continuing effort to recover on his judgments against Dan Parker and Karen Parker. The Tenth Application detailed the Receiver's substantial efforts to recover his judgments against both of the Parkers including taking depositions in aid of execution, issuing subpoenas *duces tecum,* filing motions for civil contempt and for seizure of evidence, and attending show cause hearings, among other activities. The Receiver averred that the 787 total hours during the Application Period constitute a reasonable number of hours for Holland and Knight to have spent in performing the work set forth in the Application. Nor has anyone made any attack on the reasonableness of any particular entry or of the total number of hours sought to be compensated. Indeed, even after the Court issued its Order to Show Cause, none of the counsel of record filed any objections to the fees sought, including to the number of hours expended. Although no objection was made, the undersigned has fully reviewed the work performed and finds that 787 total hours were reasonably

expended. This determination is made based on the substantial amount of work performed during the Application Period.

Upon a review of the Receiver's explanation of work performed during the Application Period, noting that no objection thereto has been made, and considering each of the factors that governs the reasonableness of fees set forth in *In re Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), the Court finds that the 787 total hours sought are reasonable under these circumstances. Thus, multiplying the reasonable number of hours expended by the Receiver's counsel by the reasonable hourly rates, 787 hours at rates ranging from $100 per hour (for paralegals) to $250 per hour (for partners)[6] results in a lodestar amount of $135,010.00.

### 2. Costs and Expenses

The Receiver also seeks reimbursement for $48,392.74 in costs incurred during the Application Period. These costs were incurred in connection with the litigation that took place during this period. A large portion of this amount was paid to a consulting firm to image the hard drives of computers and compact disks, as well as to conduct forensic analysis of the images captured.[7] Other costs include computerized research, process server fees, witness fees, filing fees and photocopies. Furthermore, the Receiver states that he owes his accountant, Kapila & Company, for the preparation of tax returns and to close the Receivership. Again, no one has filed any

---

[6] The Court also notes that the Receiver has waived fees for time attributable to Fee Applications having a reduced-rate value of $10,025.00. This reduction along with the over $100,000 saved by the reduced hourly rates of counsel yields approximately 45% in savings compared to regular billing rates.

[7] During the Application Period, the Receiver obtained orders authorizing the seizure of judgment debtor Dan Parker's computers. The consulting firm was hired to image the hard drives in furtherance of executing on the judgment against Mr. Parker.

opposition to dispute the costs sought by the Receiver. Additionally, the Court has granted similar expenses in relation to the Receiver's prior fee applications. *See e.g.,* D.E. 45.

Moreover, the Court specifically anticipated reimbursement of the Receiver's expenses in its Order of Permanent Injunction. [D.E. 9]. Indeed, the Court announced that subject to the Court's subsequent approval, the Receiver was authorized and directed to appoint special agents, including actuaries, accountants, and consultants as deemed necessary. The Receiver was likewise authorized to pay these agents' compensation and reasonable expenses, as well as "all reasonable expenses of taking possession of ICM's assets and business...." D.E. 9 at p.6. The law is clear that property which is benefitted by a receivership should bear its share of the costs and expenses of the receivership. *SEC v. Elliott*, 953 F.2d at 1576 (citing *Clark on Receivers* § 641 (3d ed. 1959)). After a thorough review, the Court finds that all of the expenses sought by the Receiver were necessary to the Receiver's exercise of his duties and are reasonable under the circumstances. Particularly in light of the lack of any objection, the undersigned, therefore, recommends a finding that all the costs sought by the Receiver are compensable ($48,392.74).

### 3. Total Award of Fees and Costs

Overall, the Court has considered each of the factors set forth in *In re Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), that governs the reasonableness of fees. Based on a thorough review, the undersigned recommends that the Court should grant the Receiver's Tenth Application For Authorization To Pay Attorneys' Fees and Costs From Receivership Funds [D.E. 213]. Accordingly, Holland & Knight, LLP, should be allowed and granted compensation for services rendered during the time period covered by the Tenth Application (*i.e.,* October 1, 2006 to October 15, 2007) in the amount of $135,010.00 and costs of $48,392.74,

and the Receiver should be authorized to pay those amounts immediately from the Receivership Estate, if and when available (and from any funds the Receiver may recover in the future).

### B.     *Motion for Discharge*

In addition to the attorneys' fees and costs sought, the Receiver also requests that the Court discharge him, subject to retaining jurisdiction to consider and rule on any motions relating to the enforcement of the Receiver's judgments, the distribution of any funds recovered pursuant to those judgments, and for reimbursement of expenses.  The Receiver states that he has diligently sought to enforce his judgments against the defendants and that he and his counsel have fulfilled their fiduciary duties to the Receivership entities.  He notes that despite his best efforts, the Receiver has been unable to recover sufficient funds, net of his approved expenses, for another distribution to the defendants' investor victims.  Thus, the Receiver concludes that the Receivership Estate is now exhausted.  *See* D.E. 213 at p. 30.

The Court may discharge a receiver at any stage of the proceedings, and the decision to discharge a receiver is discretionary. *See Consolidated Rail Corp. v. Fore River Railway Co.*, 861 F.2d 322 (1st Cir. 1988); 65 Am. Jur. 2d *Receivers* § 140 (2007).  Generally speaking, a receivership should be terminated as soon as it has accomplished its purpose.  16 Fletcher Cyc. Corp. *Receivers* § 7770 (2007).  As such, whenever the reason or necessity for the receiver ceases to exist, the receiver should be discharged upon proper application.  *Id.*; 65 Am. Jur. 2d *Receivers* § 140 (2007); *See also Consolidated Rail*, 861 F.2d at 327; *People of Puerto Rico v. Bank of Nova Scotia*, 116 F.2d 379, 381 (1st Cir. 1940), *cert. denied*, 314 U.S. 615 (1941) ("There being no further occasion for continuance of the receivership, and the receiver having fully accounted, he was entitled to his

discharge and the cancellation of the bond."). A receiver who has diligently performed his duties is entitled to a discharge. *Id.*

Here, it is noteworthy that the receivership was created in September of 1998, over nine years ago. *See* D.E. 9. During this period of time, the Receivership was expanded [D.E. 23] and the original Receiver was replaced. The current Receiver, John M. Hogan, was appointed by the Court (as a replacement) in June of 2000. [D.E. 161]. Hence, the current Receiver has acted in that capacity for seven-and-a-half years. During this time, the Receiver "was able to make a $3.3 million distribution to investors in late 1999, which represented an initial return to investors of 19.6% of their original investments." D.E. 213 at p. 3.

As noted above, the Receiver filed two ancillary lawsuits – one in the Southern District of Florida and the other in the Northern District of Georgia against individuals who allegedly used the Receivership Entities to defraud investors, as well as against persons who received fraudulent transfers. The Tenth Application summarizes the work performed since the original Receiver was appointed and sets forth the various judgments obtained against various individuals. The Receiver explains that he believes that only two of the judgment debtors (Dan Parker and Karen Parker) have substantial assets. Since 1999, the Receiver has pursued claims against the Parkers (with the Georgia lawsuit being filed against Karen Parker in 2001). The undersigned has conducted an independent review of the work performed by the Receiver and his counsel and agrees with the Receiver's conclusion that further action by him is unlikely to result in additional restitution to Parker's victims. Likewise, the undersigned agrees that aside from the proceeds of outstanding bonds,[8] further action

---

[8] Magistrate Judge Simonton previously entered an order directing Mrs. Parker's bank to deliver bonds found in a safe deposit box to the United States Marshal and directed the Marshal to redeem the bonds and remit the proceeds to the Receiver. The Receiver submitted a

10

by the Receiver against Mrs. Parker is unlikely to result in the recovery of additional funds to warrant another distribution to the victims in this case.

Taking all of these facts into consideration, especially in light of the more than seven years of diligent service by the Receiver, the undersigned recommends that the Receiver's request for discharge should be granted. In granting the discharge, John M. Hogan should have no further obligation as Receiver in this case. The Court, however, should reserve jurisdiction to consider and rule upon any motions by the Receiver relating to the enforcement of his judgments, the distribution of any funds recovered pursuant thereto, and reimbursement of expenses. The retention of jurisdiction by the Court would allow for additional action, should the Receiver find that any defendant has assets that would justify additional efforts at enforcement.

## *CONCLUSION*

Accordingly, the undersigned respectfully **RECOMMENDS** that the Receiver's Tenth Application For Authorization To Pay Attorneys' Fees and Costs From Receivership Funds, and Motion for Discharge [D.E. 213] be **GRANTED** as follows:

1. The Receiver's request to pay for attorneys' fees and costs from Receivership funds [D.E. 213] should be granted. Holland & Knight, LLP, should be granted compensation for services rendered during the time period covered by the Tenth Application (*i.e.,* October 1, 2006 to October 15, 2007). Specifically, Holland and Knight is entitled to attorneys' fees in the amount of $135,010.00 and costs of $48,392.74, and the Receiver should be authorized to pay those amounts

---

form requested by the Bureau of Public Debt and is awaiting payment of the proceeds of the bonds.

immediately from the Receivership Estate, if and when available (and from any funds the Receiver may recover in the future).[9]

  2. The Receiver's request for discharge should be granted. In granting the discharge, John M. Hogan should have no further obligation as Receiver in this case. However, the Court should reserve jurisdiction to consider and rule upon any motions by the Receiver relating to the enforcement of his judgments, the distribution of any funds recovered pursuant thereto, and for reimbursement of expenses.

  3. Holland & Knight, LLP, as counsel for the Receiver, shall serve a copy of this Order on all counsel of Record.

The parties shall have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal the factual findings accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v.*

---

[9] The undersigned is aware that currently, insufficient funds exist in the Receivership Estate for full payment of the fees and costs set forth herein. If, and when, additional sums are deposited into the Receivership Estate (i.e., the proceeds of the bonds), the Receiver shall pay additional sums to Holland & Knight in accordance with the Court's Order.

*Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of January, 2008.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:   William P. Dimitrouleas
      Counsel of Record